UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERRY MARTIN KOKOSHKA, Ph.D.,<br><br>Plaintiff,<br><br>v.<br><br>THE INVESTMENT ADVISORY COMMITTEE OF COLUMBIA UNIVERSITY,<br><br>Defendant. | Index No. 1:19-cv-10670-VSB<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Judge Vernon S. Broderick<br><br>Magistrate Judge Gabriel W. Gorenstein |

NOW COMES THE INVESTMENT ADVISORY COMMITTEE OF COLUMBIA UNIVERSITY (the "Committee" or "Defendant"), by and through its attorneys, Seyfarth Shaw LLP, and for its Answer to First Amended Complaint, states as follows:

## I. BASIS FOR JURISDICTION

**COMPLAINT ¶I.A:**[1]

Which of your federal constitutional or federal statutory rights have been violated?

Federal Question; Section 502(a) of ERISA.

[1] Paragraph organization and number not included in *pro se* Plaintiff's original amended complaint, but added herein for ease of the court's review.

**ANSWER: Defendant admits this Court has jurisdiction over the subject matter of this action, which arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"). Defendant denies that any rights have been violated thereunder.**

## II. PARTIES

**COMPLAINT ¶II.A:**

Plaintiff information: Jerry M. Kokoshka, 1 Armstrong Road, Morris County, Morristown, NJ 07960, 212-305-8884.

**ANSWER: Defendant admits that Plaintiff identifies himself as Jerry M. Kokoshka and purports to live at 1 Armstrong Road, Morris County, Morristown, NJ 07960 and his telephone number is (212) 305-8884. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph II.A.**

**COMPLAINT ¶II.B:**

Defendant information: The Investment Advisory Committee of Columbia University, 615 W. 131st Street, 4th Floor, Attn: VP of Human Resources, New York, NY 10027.

**ANSWER: Defendant admits that it is the Investment Advisory Committee of Columbia University and that it can be found at the address 615 W. 131st Street, 4th Floor, New York, NY 10027.**

## III. STATEMENT OF CLAIM

**PARAGRAPH III. A:**

Place of occurrence: New York City. Date(s) of occurrence: March 27, 2019

**ANSWER: Defendant denies the allegations of paragraph III. A. and specifically denies that any actionable occurrence took place in New York City on March 27, 2019.**

**FACTS:**

**PARAGRAPH NO. 1:**

This case is about negligence and breach of fiduciary duty by the Fiduciary who exercises discretionary control over retirement savings plan for officers of Columbia University. The negligence and breach of fiduciary duty directly resulted in damage of $23,803. Plaintiff attempted to resolve the issue directly with Fiduciary's office but this process failed, Fiduciary's office informed Plaintiff that all administrative remedies have been exhausted on May 29, 2019.

**ANSWER: Defendant admits that Plaintiff purports to bring a claim for "negligence" and breach of fiduciary duty under ERISA. Defendant admits Plaintiff pursued certain administrative remedies under the Retirement Plan for Officers of Columbia University (the "Plan"). Defendant denies that it has caused Plaintiff damage and denies that it has breached any duties to Plaintiff. Defendant denies the remaining allegations of paragraph No. 1.**

**PARAGRAPH NO. 2:**

In January of 2017 Plaintiff had been concerned about the high leverage in equity markets, Consequently Plaintiff desired to invest his retirement savings in gold to preserve purchasing power of his savings and to avoid risk associated with market crash. Safety of Plaintiff's savings, rather than financial gain, was Plaintiff's primary motivation. Consequently Plaintiff called, on a recorded line, Fiduciary who told Plaintiff that they are not able to invest Plaintiff's retirement funds in gold but they highly recommended Vanguard Precious Metals and Mining fund (PMM), Consequently Plaintiff directed Fiduciary to acquire PMM and keep it in Plaintiff's portfolio until retirement or until Plaintiff instructs Fiduciary to sell. At later time the PMM fund became Global Capital Cycles (GCC) fund but still maintaining significant investment in gold. Because this was still the only fund invested in gold Plaintiff have been determined to hold onto it until retirement.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 concerning Plaintiff's motivations and investment strategy. Defendant admits that it is the fiduciary that is responsible for selecting and monitoring the investment options available to Plan participants, who in turn are responsible for directing the investment of their own accounts under the Plan. Defendant further admits that at times, the Plan offered an investment option titled the Vanguard Global Capital Cycles Fund (the "GCC Fund") (previously named the Vanguard Precious Metals Fund). Defendant denies the remaining allegations of paragraph No. 2.**

**PARAGRAPH NO. 3:**

Plaintiff is still concerned, even today, about the leveraged equity markets and desires to hold his retirement in precious metals to preserve purchasing power. Plaintiff's wife and Plaintiff are taking medications that they will have to keep taking for the rest of their lives, They intend to use their retirement savings to pay for these medications after Plaintiff retires. Consequently it is the most important for Plaintiff to preserve purchasing power of his savings.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3.**

**Harm - Negligence:**

**PARAGRAPH NO. 4:**

In March of 2019 Plaintiff noticed that his GCC position was liquidated by Fiduciary with $23,803 loss. Plaintiff had not been consulted before the divestiture in spite of the fact that Plaintiff have given instruction to keep GCC in his savings until retirement or further instruction from Plaintiff. Fiduciary who ordered the divestiture caused more than 10% loss of Plaintiff's entire saving portfolio! Because during the first phone call with Fiduciary's office regarding the divestiture Fiduciary was not aware that divestiture resulted in said damage Plaintiff believes that the damage was unintended consequence of Fiduciary's decision. The fact that Fiduciary failed to realize ahead of time the significant loss that Fiduciary's action would inflict on Plaintiff's retirement savings points to negligence. Records from quarterly investment review by Fiduciary and the minutes of the investment advisory committee special meeting, totaling over 50 pages of information that have no mention whatsoever of the impact that Fiduciary's action would have on any individual saving account including Plaintiff's saving account.

**ANSWER: Defendant admits that after a review and evaluation of the Plan's investment options, the Committee decided to remove the GCC Fund from the Plan investment options, effective March 28, 2019 ("Fund Change Date"). Plaintiff was provided advance written notice of this change in the Plan's investment options through an investment changes notice, which was properly distributed to him in February 2019. Between the date of notice and the Fund Change Date, Plaintiff could have elected a different investment option from among a broad array of Plan investment options with various risk and return characteristics. Defendant specifically denies that any breach of fiduciary duty occurred or that Plaintiff has been damaged by any fiduciary decision making and denies that Plaintiff is entitled to any relief whatsoever. Defendant denies the remaining allegations of paragraph No. 4.**

**PARAGRAPH NO. 5:**

Shortly after Plaintiff had noticed Fiduciary's negligence that led to the substantial loss to Plaintiff, Plaintiff had suggested to Fiduciary to re-acquire the GCC shares before the price changes so that no party would suffer a loss. Fiduciary's office responded that under ERISA provisions Fiduciary is not responsible for any losses because Plaintiff is permitted to choose what fund to invest into. Well, Plaintiff had instructed Fiduciary to buy and hold the fund. Fiduciary ignored Plaintiff's instruction to hold the fund, divested GCC against Plaintiff's wishes, not realizing that Fiduciary's action would result in a loss to Plaintiff of $23,803. It was the divestiture, rather than the acquisition, that resulted in a loss.

**ANSWER: Defendant admits that Plaintiff asserted that he has suffered an alleged loss of approximately $23,000 related to the removal of the GCC Fund. This asserted loss was treated as a claim for Plan benefits and was denied by correspondence dated May 29, 2019 and August 8, 2019, respectively. The denial letters speak for themselves and are the best evidence of their contents. To the extent Plaintiff's allegations mischaracterize or are inconsistent with those documents, they are denied. Defendant denies the remaining allegations of paragraph No. 5. Defendant further denies that it was negligent or that its decision making resulted in a substantial loss to Plaintiff, and specifically denies that Plaintiff is entitled to any relief whatsoever or that Defendant's actions constituted a violation of ERISA, or that it is otherwise liable to Plaintiff.**

**Harm - Breach of Fiduciary Duty:**

**PARAGRAPH NO. 6:**

By definition a Fiduciary in a financial sector is an individual in whom another has placed the utmost trust and confidence to manage and protect property or money. The relationship wherein one person has an obligation to act for another's benefit.

**ANSWER: Defendant denies the allegations of paragraph No. 6.**

**PARAGRAPH NO. 7:**

Most of the time the interests of Columbia's officers are aligned with interests of Fiduciary because by maintaining mostly raising funds in the Columbia portfolio the Fiduciary maximizes growth of the retirement accounts and improves Fiduciary's track record as fund manager at the same time. However, in this case the Plaintiff's interest was not aligned with that of Fiduciary as Plaintiff was interested in preserving purchasing value of his savings while Fiduciary was focused on growth. In this very case Fiduciary had two choices, either keep the GCC fund in the Plaintiff's portfolio as instructed by Plaintiff or divest it. By keeping it Plaintiff would have preserved purchasing power of his saving invested in gold and Plaintiff would not have suffered the detrimental loss. But the Fiduciary's track record would be tarnished because at time of divestiture, on March 29, 2019, GCC was not a growing fund (See Figure 1). By divesting GCC Fiduciary would have the opportunity to replace GCC with a raising fund thus improve own track record. Plaintiff's retirement savings became the casualty of Fiduciary's

desire to improve own track record at the expense of Plaintiff's retirement savings in clear breach of fiduciary duty.

Figure 1




Legend: Vanguard Global Capital Cycles Fund Investor Shares over 5 years period, source Google Finance

**ANSWER: Defendant admits that the GCC Fund had a record of ongoing underperformance in periods leading up to March 29, 2019. Defendant denies the remaining allegations of paragraph No. 7. Defendant further denies that it was negligent or that its decision making resulted in a loss to Plaintiff, and specifically denies that Plaintiff is entitled to any relief whatsoever or that Defendant's actions constituted a violation of ERISA, or that it is otherwise liable to Plaintiff.**

**PARAGRAPH NO. 8:**

Under the ERISA rules Plaintiff needs to name the Fiduciary who exercises discretionary control over retirement savings plan that is subject to the present controversy. Plaintiff requested twice the name of Fiduciary but such request was denied both times. Not only is providing name of Fiduciary requirement under ERISA rules but Plaintiff has the right to know who the person is who caused him damage. If our judiciary system does not hold Fiduciary personally accountable Fiduciary is not motivated to take more care in the future to avoid causing unintended damage to clients.

**ANSWER: Defendant admits that it is the fiduciary responsible for selecting and monitoring the investment options available to Plan participants, who in turn are responsible for directing the investment of their own accounts under the Plan. Defendant denies the remaining allegations of paragraph No. 8.**

**PARAGRAPH NO. 9:**

In fact Fiduciary abdicated his fiduciary responsibility twice as Fiduciary had the opportunity to reacquire into Plaintiff's portfolio GCC shortly after the divestiture. Because the price of GCC did not change since the time of divestiture reacquisition would have restored full value in Plaintiff's portfolio at no cost to Fiduciary or anyone else. Fiduciary refused to do so. Further, Fiduciary has had the opportunity to compensate Plaintiff for the loss however Fiduciary opted to use discretionary funds to fight Plaintiff in court instead.

**ANSWER: Defendant denies the allegations of paragraph 9 and further denies that it breached any fiduciary duty or that its decision making resulted in a loss to Plaintiff, and specifically denies that Plaintiff is entitled to any relief whatsoever or that Defendant's actions constituted a violation of ERISA, or that it is otherwise liable to Plaintiff.**

**PARAGRAPH NO. 10:**

Plaintiff is deeply troubled that Fiduciary is convinced that he/she has the authority to cause damage to Plaintiff's saving portfolio and there is nothing that Plaintiff can do to prevent it. For this reason Plaintiff decided to file complaints under ERISA. As stated above Plaintiff will rely on his retirement savings to pay for living expenses and medication for self and his spouse after Plaintiff retires. It is deeply troubling to Plaintiff that Fiduciary clearly abdicated his/her fiduciary obligation, became an adversary in a law suit and yet Fiduciary is still managing Plaintiff's retirement account.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 concerning Plaintiff's state of mind and motivations for filing suit. Defendant denies the remaining allegations of paragraph 10 and denies that it breached any fiduciary duty or that its decision making resulted in a loss to Plaintiff, and specifically denies that Plaintiff is entitled to any relief whatsoever or that Defendant's actions constituted a violation of ERISA, or that it is otherwise liable to Plaintiff.**

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

**ANSWER: To the extent Plaintiff has alleged injury, Defendant specifically denies that Plaintiff is entitled to any relief whatsoever or that Defendant's actions constituted a violation of ERISA, or that it is otherwise liable to Plaintiff.**

## IV. RELIEF

**PARAGRAPH NO. 1:**

Plaintiff hereby seeks compensation of $23,803 for the unintended damage that Fiduciary caused him.

**ANSWER: The foregoing paragraph constitutes Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies any allegations contained therein and specifically denies that Plaintiff is entitled to any relief whatsoever or that Defendant caused Plaintiff unintended damage.**

**PARAGRAPH NO. 2:**

Further, Plaintiff requests that going forward the Fiduciary takes into consideration impact of Fiduciary's actions on individual accounts of Columbia officers.

**ANSWER: The foregoing paragraph constitutes Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies any allegations contained therein and specifically denies that Plaintiff is entitled to any relief whatsoever.**

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Without prejudice to its denials and other statements of its pleadings, Defendant alleges the following affirmative and additional defenses:

1. Plaintiff's claim, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and law.

2. The Committee has not breached any fiduciary duty to Plaintiff as a matter of law.

3. The Committee exercised prudent decision making at all relevant times as related to Plaintiff's claims and allegations.

4. As part of its investment oversight responsibilities under the Plan, the Committee has the authority to eliminate an investment options, provided proper noticed is provided to participants.

5. Participants of the Plan are responsible for diversifying the investment of their accounts, to the extent Plaintiff experienced any loss or damage, it was the result of his own failure to direct or re-direct his account balance.

6. Plaintiff's claim is barred, in whole or in part, by ERISA § 404(c), 29 U.S.C. § 1104(c). Section 404(c) provides a defense to a breach of fiduciary duty claim if the loss caused by the breach resulted from a participant's exercise of control.

7. The Plan does not guarantee investment returns.

8. Plaintiff seeks benefits or remedies that are not permitted under the Plan or ERISA.

9. Defendant reserves its right to amend its Answer and Defenses as may become available or apparent at a future date.

WHEREFORE, Defendant, The Investment Advisory Committee of Columbia University, respectfully requests that the Court deny the relief sought by Plaintiff, dismiss the action with prejudice and/or enter judgment on Defendant's behalf, and award Defendant any such relief as the Court deems just and proper.

Dated: March 13, 2020

/s/ Ian H. Morrison
Ian H. Morrison
Rebecca K. Bryant
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
E-mail: imorrison@seyfarth.com
E-mail: rbryant@seyfarth.com

*Counsel for Defendant The Investment Advisory Committee of Columbia University*

**CERTIFICATE OF SERVICE**

I do hereby certify that I have caused a true and correct copy of the foregoing ANSWER TO FIRST AMENDED COMPLAINT to be served upon the following, by the Court's electronic case filing (ECF) system and by U.S. mail to the following address, on this 13th day of March, 2020:

Jerry Martin Kokoshka
1 Armstrong Road
Morristown, NJ 07960
(212) 305-8884
PRO SE
jmkokoshka@yahoo.com

/s/ Ian H. Morrison